UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAMP SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VISA INC.,<br><br>    Defendant. | Case No. 23-cv-06351-HSG<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 18 |

Pending before the Court is Defendant Visa's administrative motion to seal. Dkt No. 18. For the reasons detailed below, the Court **GRANTS** the motion.

**I.  LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

Defendant Visa moves to seal Exhibit 6 to the Declaration of Sharon D. Mayo (Dkt. No. 16-6), which was submitted in support of its motion to dismiss. Dkt. No. 18. Because Exhibit 6 is attached to a dispositive motion, the justification for sealing must meet the "compelling reasons" standard. According to Defendant, Exhibit 6 consists of "a package of documents submitted to Visa's internal Operational Risk Sub-Committee on or about September 2023 regarding an Appeal

Case 4:23-cv-06351-HSG   Document 63   Filed 05/30/24   Page 3 of 3

1  of Non-Compliant Surcharging" containing "highly confidential, sensitive business information of
2  Visa," the disclosure of which "would reveal Visa's internal deliberative processes for considering
3  rules violations and appeals therefrom."  Dkt. No. 18 at 2.

4        While the documents do seem like appropriate candidates for sealing given that they could
5  cause competitive harm to Defendant if disclosed, the Court finds it most significant that the
6  motion to dismiss with which the exhibit was associated was terminated as moot before the Court
7  ever ruled on the motion, meaning that the Court never substantively considered the exhibit
8  Defendant now seeks to seal.  Where the court does not consider materials that a party has
9  requested to seal, the public's interest their disclosure is minimal since they do not aid the public's
10 understanding of judicial proceedings.  *See In re iPhone Application Litig.*, No. 11-MD-02250-
11 LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing
12 these documents is even further diminished in light of the fact that the Court will not have
13 occasion to rule on [the relevant motion]."); *see also Economus v. City & Cty. of San Francisco*,
14 No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling
15 reason to seal because the sealing request divulges sensitive information no longer related to the
16 case); *Doe v. City of San Diego*, No. 12- CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D.
17 Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the matter are
18 compelling reasons to seal the exhibit).  Such is the case here.

19       In light of the sensitive nature of the documents and the minimal public interest in them,
20 the Court accordingly **GRANTS** Defendant's request to seal Exhibit 6 to the Mayo Declaration.
21 Dkt. No. 18.

22       **IT IS SO ORDERED.**
23 Dated:  5/30/2024

                                                  HAYWOOD S. GILLIAM, JR.
                                                  United States District Judge

3