1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    MICAMP SOLUTIONS, LLC,                    Case No. 23-cv-06351-HSG

8              Plaintiff,                      **ORDER GRANTING
                                               ADMINISTRATIVE MOTION TO**
9         v.                                   **SEAL**

10   VISA INC.,                                Re: Dkt. No. 45

11             Defendant.

12

13        Pending before the Court is Defendant Visa's administrative motion to seal.  Dkt. No. 45.

14   For the reasons set forth below, the Court GRANTS the motion.

15   **I.    LEGAL STANDARD**

16        Courts generally apply a "compelling reasons" standard when considering motions to seal

17   documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

18   *v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the

19   common law right 'to inspect and copy public records and documents, including judicial records

20   and documents.'"  *Id*. (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of

21   access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this

22   strong presumption, the party seeking to seal a judicial record attached to a dispositive motion

23   must "articulate compelling reasons supported by specific factual findings that outweigh the

24   general history of access and the public policies favoring disclosure, such as the public interest in

25   understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations

26   omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in

27   disclosure and justify sealing court records exist when such 'court files might have become a

28   vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

United States District Court
Northern District of California

1    scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

2    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records

3    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

4    without more, compel the court to seal its records." *Id.*

5       The Court must "balance[] the competing interests of the public and the party who seeks to

6    keep certain judicial records secret. After considering these interests, if the court decides to seal

7    certain judicial records, it must base its decision on a compelling reason and articulate the factual

8    basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5

9    supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a

10   document or portions of it under seal "must explore all reasonable alternatives to filing documents

11   under seal, minimize the number of documents filed under seal, and avoid wherever possible

12   sealing entire documents . . . ."  Civil L.R. 79-5(a).  The party must further explain the interests

13   that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive

14   alternative to sealing is not sufficient.  *See* Civil L.R. 79-5(c).

15      Records attached to nondispositive motions must meet the lower "good cause" standard of

16   Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

17   tangentially related, to the underlying cause of action."  *See Kamakana*, 447 F.3d at 1179–80

18   (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm

19   will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

20   307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of

21   harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman*

22   *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

23   **II.   DISCUSSION**

24      Visa moves to seal Exhibit 8 to the Declaration of Sharon D. Mayo (Dkt. No. 46-9), which

25   was filed in support of Visa's motion to dismiss.  Dkt. No. 46.  Because Exhibit 8 is attached to a

26   dispositive motion, the justification for sealing must meet the "compelling reasons" standard.

27   According to Visa, Exhibit 8 consists of "a package of documents submitted to Visa's internal

28   Operational Risk Sub-Committee on or about September 2023 regarding an Appeal of Non-

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Compliant Surcharging" containing "highly confidential, sensitive business information of Visa,"

2    the disclosure of which "would reveal Visa's internal deliberative processes for considering rules

3    violations and appeals therefrom."  Dkt. No. 45.

4              The Court finds that the exhibit that Visa seeks to seal contains Visa's commercially

5    sensitive and confidential business information, which satisfies the compelling reasons standard

6    and outweighs the public's interest in viewing the documents.  *See Baird v. BlackRock*

7    *Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) ("[C]onfidential business

8    information in the form of license agreements, financial terms, details of confidential licensing

9    negotiations, and business strategies satisfies the compelling reasons standard.").  The disclosure

10   of this non-public business information "could reasonably place [Visa] at a competitive

11   disadvantage if disclosed."  *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL

12   5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing confidential business information

13   "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *see*

14   *also Finisar Corp. v. Nistica, Inc*., No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D.

15   Cal. June 30, 2015) (sealing "confidential product and business information which is not intended

16   for public disclosure").  Further, the third-party merchants, cardholders, and financial institutions

17   identified in the exhibit did not voluntarily contribute their business information to this litigation.

18   *See United States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *1 (N.D.

19   Cal. Jan. 21, 2014).

20             Accordingly, the Court GRANTS Dkt. No. 45, Visa's motion to seal Exhibit 8 to the Mayo

21   Declaration.

22

23             **IT IS SO ORDERED.**

24   Dated:   3/28/2025

25   _____

26   HAYWOOD S. GILLIAM, JR.
     United States District Judge

27

28

3